UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
AJAYVEER CHAPOTKAT,                                        :
                                                           :
                          Plaintiff,                       :
                                                           :
v.                                                         :
                                                           :          11-cv-06209 (NSR)
COUNTY OF ROCKLAND; DIANNE T.                             :
PHILIPPS in her official capacity as Executive            :          OPINION AND ORDER
Director of the Rockland County Sewer District            :
No. 1 and in her individual capacity,                      :
                                                           :
                          Defendants.                      :
                                                           :
-----------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge.

        Ajayveer Chapotkat ("Plaintiff") brings this action against the County of Rockland and

Dianne T. Philipps ("Defendants") for age discrimination in violation of the Age Discrimination

in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Before the Court is Defendants' motion

for summary judgment. For the following reasons, Defendants' motion is GRANTED.

## I.    Factual Background[1]

        Plaintiff is a Hindu Indian man who was born in 1958. Second Amended Complaint

("Sec. Amend. Compl.") ¶ 1. Plaintiff began working at the Rockland County Sewer District No.

1 ("RCSD") on July 20, 1987, when he was hired as a Pollution Control Assistant ("PCA"). *Id.*

at ¶ 9. The RCSD is a treatment plant and contains a laboratory where wastewater is tested and

analyzed. Rule 56.1 Statement ("56.1") ¶ 9. PCAs work in the laboratory and are managed by a

---

[1] The facts are undisputed unless otherwise noted.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4 | 4 | 2014

Pollution Control Supervisor ("PCS"). *Id.* at ¶ 10. The PCS is tasked with managing the laboratory, ensuring that testing is done correctly, maintaining the laboratory's New York State Department of Health's Environmental Laboratory Approval Program ("ELAP") certification, and reporting test results to the Chief Operator. *Id.* at ¶ 11. The current Chief Operator, George Gonos ("Gonos"), supervises the operations at RCSD. *Id.* at ¶ 9, 18. Gonos has served in that capacity at RCSD since 1989. *Id.* at ¶ 18. Defendant Dianne T. Philipps ("Philipps") is the current Executive Director and the highest-ranking employee at RCSD. *Id.* at ¶ 6-7. She assumed the role of Executive Director in March 2004. *Id.* at ¶ 17.

In February 2010, the then-PCS, Leo Fung, informed Philipps that he would be retiring in April 2010. *Id.* at ¶ 72. Mr. Fung was hired as a PCS by Gonos and began working at RCSD on January 3, 2000. *Id.* at ¶ 37. Throughout Mr. Fung's tenure as PCS, there were four PCAs: Plaintiff, Linda Hoffman ("Hoffman"), Mr. Vasa and Mr. Patel. *Id.* at ¶ 44. Beginning in early 2008, the County of Rockland was struggling financially and the County Executive sent a memo encouraging County commissioners and Department heads to "strive to seek methods to control payroll expenses." Philipps Dec. Ex. A. Upon learning that Mr. Fung was to retire, Philipps proposed that the open PCS position be filled internally in order to reduce the number of PCAs from four to three and reduce costs.[2] 56.1 at ¶ 75. Gonos held a meeting with the PCAs in March or early April 2010 during which he announced that Mr. Fung was planning to retire and that if anyone was interested in the position, they could apply. *Id.* at 90; Sec. Amend. Compl. ¶21.

---

[2] Philipps sent a letter to Laurie Rindskopf, an employee at the Rockland County of Personnel stating "There is an opportunity to promote from within . . . . The benefit of a promotion is that we could not fill the vacated position and possibly eliminate it at some later date. I would like to wait until the person promoted passes the civil service exam before eliminating the encumbered position." Philipps Dec. Ex. B.

Hoffman applied for the open PCS position soon after that meeting and the Rockland County Department of Personnel ("Personnel Department") received her application on April 7, 2010. 56.1 ¶ 93-94; 97. Mr. Fung submitted his official resignation letter on April 7, 2010 announcing that he would retire on April 24, 2010. *Id*. at ¶ 98. As of April 23, 2010, Hoffman was the only person who had applied for the vacant PCS position. *Id*. at ¶ 99. Due to the fact that she was the only one who applied for the position at the time Mr. Fung retired, and because it was necessary for the laboratory to have a supervisor, Hoffman was appointed as the temporary laboratory director. *Id*. at ¶ 108. She officially remained a PCA but assumed additional duties, including with respect to ELAP certification. *Id*. at ¶ 109. On April 29, 2010, Plaintiff applied to the Personnel Department for the vacated PCS job. *Id*. at ¶113.

On May 25, 2010, Plaintiff, Mr. Vasa, and Mr. Patel sent a letter to Philipps stating that the three signees advocated eliminating the PCS position altogether and instead, have each of the PCAs assume additional duties. Weissman Dec. Ex. N. Plaintiff, Mr. Vasa, and Mr. Patel had previously approached Gonos to express the same proposition, a fact which was also noted in the letter. *Id*. The letter also complained that Mr. Fung had been training Hoffman "secretly for several months," apparently upon the PCAs belief that Mr. Fung discriminated against them due to differing political and religious beliefs. *Id*. The letter stated specifically that "[o]ur intent is to highlight the fact that the 3 minority Laboratory Analysts are not being given an equal opportunity and have potentially been discriminated [against]." *Id*. Philipps responded to this letter on June 3, 2010, stating that the PCS position was required and could not be eliminated. Weissman Dec. Ex. P. She additionally stated that although the PCAs conflicts with Mr. Fung were never brought to her attention, she was referring the letter to the Office of Employee Rights, Relations and Training. *Id*. The three PCAs replied to this letter on July 26, 2010,

referring to such as a "formal complaint of discrimination." Weissman Dec. Ex. R. The July 26 letter further affirms that Mr. Fung's religious beliefs overwhelmed the workplace. *Id*.

The Personnel Department is the entity that reviews job applications and makes a determination of whether an applicant is qualified under the civil service requirements for a certain position. 56.1 ¶ 139. On June 14, 2010, Hoffman's application was approved by the Personnel Department. *Id*. at ¶ 140. On June 17, 2010, Plaintiff was asked to supplement his application with proof that he did complete four credits in microbiology and that his foreign university degree was the equivalent of a bachelor's degree. Weissman Dec. Ex T. Following submission of supporting documentation, the Personnel Department approved Plaintiff's application on September 7, 2010. 56.1 ¶ 143.

In the fall of 2010,[3] Philipps and Gonos interviewed Plaintiff and Hoffman, the two candidates who had applied for the PCS position. *Id*. ¶ 144. Each candidate was asked how they would react to having one less PCA operating in the laboratory. *Id*. at ¶ 148. Hoffman stated that this could be done. *Id*. at ¶ 149. Plaintiff states that he did not object to the reduction in staff. Sussman Ex. 4 201:22-202:11. Philipps recalled that Plaintiff "had a negative attitude" about the suggestion but did not remember Plaintiff's exact response to the question. Weissman Dec. Ex. E 123:12-124:9. At Plaintiff's interview, Plaintiff claims that Gonos asked Plaintiff his age. Chapotkat Dep. 202:16-203:6. Gonos allegedly stated that he did not like the selection process, and so he preferred candidates who would stay in the position for a long time. *Id*. Plaintiff said that he planned to work for another fifteen years. *Id*. at ¶ 153. Neither Gonos nor Philipps

---

[3] There is some discrepancy regarding the exact timing of the interviews. Defendants state in their 56.1 Statement that the interviews occurred in November 2010, 56.1 ¶ 144, while Philipps stated in her deposition that they occurred September or October, *see* Sussman Affirm. Ex. 5 124:10-124:11. The difference is irrelevant for the purposes of this motion.

remember Gonos making an inquiry into Plaintiff's retirement plans, although Philipps does recall Plaintiff volunteering the fact that he planned to work fifteen more years. *Id.* at ¶ 154.

Hoffman was appointed as the provisional PCS in early 2011.[4] *Id.* at ¶ 164. The appointment was provisional pending the PCS civil service examination. *Id.* at ¶ 165. Plaintiff was informed that Hoffman had been selected after he wrote a letter to Philipps inquiring of the status of the position, after which Plaintiff met with Philipps and Gonos and they informed him of their choice. Pl.'s Reply to Def.'s Rule 56.1 Statement ¶ 164.

Plaintiff filed a complaint with the EEOC and received a "Notice of Right to Sue" dated August 10, 2011. Compl. Ex. A. Plaintiff commenced this lawsuit on September 6, 2011. Dock. No. 1. In Plaintiff's Second Amended Complaint, he alleged discrimination on the basis of race, national origin, age, religion, and gender.

The Personnel Department announced on November 30, 2011 that a civil service examination for the PCS position would be administered on February 4, 2012. 56.1 ¶ 167. Plaintiff submitted an application for the permanent position on December 20, 2011. *Id.* at ¶ 168. The Personnel Department informed Plaintiff on January 6, 2012 that his application was rejected due to the fact that it failed to show that Plaintiff had completed 155 undergraduate credits. *Id.* at ¶ 170. Plaintiff was conditionally approved to take the civil service exam on January 19, 2012 on the condition that he submit proof that he completed 155 credits. *Id.* at ¶ 172. Plaintiff faxed a letter to Joan Silvestri, the Personnel Department Commissioner stating that the January 19 letter contradicted the approval of his application for the provisional PCS

---

[4] Plaintiff contests that Hoffman was "appointed" to the position in early 2011. Plaintiff states that, rather, Hoffman continued serving in the role she had occupied since Mr. Fung retired in April 2010. For reasons stated below in Section II(c), this argument is untenable because Plaintiff did not file an EEOC complaint within 300 days of the April 2010 "promotion."

position in September 2010. *Id.* at ¶ 173. Ms. Silvestri responded the same day, stating that she had personally reviewed his application and confirmed that there were deficiencies. *Id.* at ¶ 174. Following that exchange, Plaintiff did not attempt to clarify his education credentials with the Personnel Department. *Id.* at ¶ 177.

Both Plaintiff and Hoffman took the civil service exam on February 4, 2012. *Id.* at ¶ 178. Hoffman received a score of 90; Plaintiff scored a 75. *Id.* at ¶ 179-80. On April 20, 2012, Ms. Silvestri informed Plaintiff of his score and informed him that he would not be placed on the eligible list (a list of candidates who meet the civil service qualifications and pass the civil service exam) until he corroborated his education credentials. Plaintiff did not submit any further materials. *Id.* at ¶ 181. On May 2, 2012, Hoffman was appointed to the permanent PCS position. *Id.* at ¶ 188.

In a letter to the Court sent by Plaintiff on September 23, 2013, Plaintiff voluntarily withdrew all claims other than his age discrimination claims. Accordingly, the Court addresses only Plaintiff's claim that he was denied the PCS position because of age discrimination in violation of the ADEA.

## II.    Legal Standards
### a.    Summary Judgment Standard

A court must grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  On a motion for summary judgment, the moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may support an assertion that there is no genuine dispute by "showing . . . that [the]

6

adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P.

56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving

party to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A genuine dispute of material fact exists when "the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Benn v.

Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013). Courts must "constru[e] the evidence in the light

most favorable to the non-moving party and draw[] all reasonable inferences in its favor."

*Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quoting

*Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005)). In reviewing the record, "the

judge's function is not himself to weigh the evidence and determine the truth of the matter," nor

is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249; *see also Kaytor v. Elec. Boat

Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) ("The function of the district court in considering the

motion for summary judgment is not to resolve disputed questions of fact."). Rather, "the inquiry

performed is the threshold inquiry of determining whether there is the need for a trial."

*Anderson*, 477 U.S. at 250. Summary judgment should be granted when a party "fails to make a

showing sufficient to establish the existence of an element essential to that party's case." *Celotex

Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"Statements that are devoid of any specifics, but replete with conclusions, are insufficient

to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196

F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586 (1986) (nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d

Cir. 2010) (nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998))).

"[T]he salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to other areas of litigation." *Bernard v. J.P. Morgan Chase Bank N.A.*, No. 08 Civ. 4784, 2010 WL 423102, at *1 (S.D.N.Y. Feb. 5, 2010). "It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases." *Woods v. Enlarged City Sch. Dist. of Newburgh*, 473 F. Supp. 2d 498, 519-20 (S.D.N.Y. 2007) (citing *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001).

###### b.   Employment Discrimination Claims

Claims brought under the ADEA are analyzed under the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*. *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000). Plaintiff must first establish a prima facie case of discrimination by showing that (1) he is part of the protected age group, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) the circumstances surrounding the adverse employment action give rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). In the context of employment discrimination, the burden of establishing a prima facie case is minimal. *St Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 199 (2d Cir. 1999). "In order to support a prima facie case of failure to promote brought under . . . the ADEA, a plaintiff must show 'that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of discrimination.'" *Vara v. Mineta*, No. 01 Civ. 9311(RJH),

2004 WL 2002932, at *11 (S.D.N.Y. Sept. 7, 2004) (quoting *Gomez v. Pellicone*, 986 F. Supp.

220, 228 (S.D.N.Y. 1997)).

If a prima facie case is established, "a presumption of discrimination arises and the

burden shifts to the defendant, who must proffer some legitimate, nondiscriminatory reason for

the adverse action." *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010). "This burden is one

of production, not persuasion; it can involve no credibility assessment." *Reeves v. Sanderson*

*Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Finally, if the defendant meets its burden of

production, the burden again shifts to the plaintiff to "present sufficient evidence to permit a

rational finder of fact to infer that the defendant's proffered reason is a pretext and that "age was

the 'but-for' cause of the challenged adverse employment action . . . . " *Saenger v. Montefiore*

*Medical Ctr.*, 706 F. Supp. 2d 494, 507 (S.D.N.Y. 2010); *Gorzynski v. JetBlue Airways Corp.*,

596 F.3d 93, 106 (2d Cir. 2010) ("'[A] plaintiff bringing a disparate-treatment claim pursuant to

the ADEA must prove . . . that age was the "but-for" cause of the challenged adverse

employment action' and not just a contributing or motivating factor." (quoting *Gross v. FBL Fin.*

*Servs., Inc.*, 557 U.S. 167, 180 (2009))).

### III.    Analysis
#### a.  Dianne Philipps is Dismissed from this Action

Plaintiff brings suit against Philipps in her individual capacity and in her official capacity

for the actions that she took in connection with the PCS position. Under the ADEA, an individual

may not held liable under the ADEA. *See, e.g.*, *Farzan v. Wells Fargo Bank*, 2013 WL 2641643

(S.D.N.Y. 2013) (no individual liability under ADEA). Additionally, Plaintiff does not oppose

the part of Defendants' motion which seeks to dismiss Philipps from the case. *Wasserman v.*

*Maimonides Medical Ctr.*, 970 F. Supp. 183, 192 (E.D.N.Y. 1997) (lack of opposition is

"apparent[] conce[ssion] that the claim fails."). Accordingly, Defendants' motion to dismiss Philipps from this action is granted.

### b. Claim of Discrimination in Appointment to Temporary PCS Position is Time-Barred

"In order to assert a claim under the ADEA, a charge must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discrimination." *Affrunti v. Long Island Univ.*, 136 F. App'x 402, 403 (2d Cir. 2005); 29 U.S.C. § 626(d)(1)(B). Failure to file a claim within 300 days with the EEOC renders the claim time-barred. *Ayazi v. New York City Dept. of Educ.*, --- F. App'x ---, Nos. 13–639–cv (L), 13–641–cv (con), 2014 WL 114134, at *1 (2d Cir. Jan. 14, 2014).

Plaintiff filed his EEOC complaint on June 16, 2011. Three hundred days prior to June 16, 2011 is August 20, 2010, meaning that any conduct occurring before August 20, 2010 is time-barred. With regard to the vacated PCS position, Plaintiff's Second Amended Complaint states that Hoffman officially assumed the PCS role on February 1, 2011 and that "Plaintiff was denied promotion to that position." Sec. Amend. Compl. ¶ 39. It further states that "by refusing to promote Plaintiff to the [PCS] position, Defendant County has violated the ADEA." *Id*. at ¶ 44. In contrast, Plaintiff's Rule 56.1 Statement avers that "Hoffman commenced serving in the [the PCS role] at the point Dr. Fung [sic] retired, in the spring of 2010 . . . ." Pl.'s Reply to Def.'s Rule 56.1 Statement ¶ 41. It also states that in 2011, "Hoffman *remained* in the position, as she had been since Dr. Fung [sic] left." *Id*. at ¶ 164 (emphasis added).

"Discrete acts such as . . . failure to promote . . . are easy to identify[, and e]ach incident . . . constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). The only instances that are actionable are those discrete acts which fall "within the appropriate time period." *Id*.  It is clear from the record that Hoffman

10

was appointed as the temporary lab director in April 2010 and as the provisional PCS in January 2011. *See* Gonos Dep. 42:25-43:12; Chapotkat Dep. 94:14-18; Sec. Amend. Compl. ¶ 36. As the temporary appointment occurred more than 300 days prior to Plaintiff's complaint to the EEOC, it is time-barred. Although it does not seem to be stated as such in Plaintiff's Complaint, to the extent Plaintiff is now making the argument that the April 2010 appointment was discriminatory, the claim fails because it is time-barred.

### c.   ADEA Claim against County of Rockland Fails as a Matter of Law

#### i.   Plaintiff's Prima Facie Showing

The ADEA protects individuals who are age forty and above. 29 U.S.C. § 631(a). Plaintiff falls into this range and is therefore part of the protected class. Although there was an issue with Plaintiff's education credentials for the open PCS position, that was not an issue at the time of Hoffman's appointment to the provisional PCS position. Hoffman was chosen instead of Plaintiff, and she was "significantly younger"[5] than Plaintiff. "The Supreme Court has held that a prima facie case of age discrimination can be grounded on the employer's selection of a candidate significantly younger than the plaintiff . . . ." *Vara*, 2004 WL 2002932, at *11. The Second Circuit has held that "where a plaintiff relies on a substantial age discrepancy between herself and her replacement, she must adduce some evidence indicating defendants' knowledge as to that discrepancy." *Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 82–83 (2d Cir. 2005). It is not disputed here that Defendants were aware of the age difference between Plaintiff and Hoffman, and so the Court may assume that the Defendants were aware of the fact. *Saenger v.*

---

[5] Plaintiff states in his Second Amended Complaint only that Hoffman is "substantially younger" than Plaintiff.

*Montefiore Medical Ctr.*, 706 F. Supp. 2d 494, 508 n.8 (S.D.N.Y. 2010). Thus, Plaintiff has established his prima facie burden.

### ii. Defendants' Legitimate, Non-Discriminatory Reasons for Adverse Action

Defendants, too, satisfy their burden by establishing a legitimate, non-discriminatory reason for choosing Hoffman over Plaintiff. Gonos believed that Hoffman was more interested in the PCS position. Gonos had objective reasons for this perception, including that Hoffman submitted her application almost immediately after the position was announced while Plaintiff waited several months to submit his application. Further, Plaintiff advocated for the elimination of the exact position for which he applied. While Plaintiff's motivation behind that position was ostensibly to save the County money, it is certainly reasonable that Gonos inferred from this that Plaintiff was less motivated to occupy that position than Hoffman. Although Plaintiff states that Gonos could not possibly have thought Plaintiff was not interested in the position because Plaintiff had applied for the PCS position nineteen years prior when the opening was filled by Mr. Fung, a lot can change in nineteen years. It is not unreasonable for Gonos to believe that Plaintiff no longer had the same ambitions he did nineteen years before. Further, even if that was the case, Hoffman's actions compared to Plaintiff's objectively do evidence a reasonable conclusion that she was more interested in the position than Plaintiff. Philipps' perception was that Hoffman was more open to working with a reduced number of PCAs than Plaintiff. Although Philipps did not say that Plaintiff would not work with three PCAs, she noted that his reaction to the idea was "negative." Philipps Dep. 123:25-124:2.

"There is nothing unlawful about an employer's basing its hiring decision on subjective criteria, such as the impression an individual makes during an interview." *Byrnie v. Town of*

*Cromwell Public Schools*, 243 F.3d 93, 104 (2d Cir. 2001). However, "an employer may not use wholly subjective and unarticulated standards to judge employee performance for purposes of promotion." *Knight v. Nassau County Civil Serv. Comm'n*, 649 F.2d 157, 161 (2d Cir. 1981). "Where an employer's explanation, offered in clear and specific terms, 'is reasonably attributable to an honest even though partially subjective evaluation of . . . qualifications, no inference of discrimination can be drawn.'" *Byrnie*, 243 F.3d at 105 (quoting *Lieberman v. Gant*, 630 F.2d 60, 67 (2d Cir. 1980)). Here, Defendants have objective reasons for considering that Hoffman was the better candidate for the position. At this stage of the *McDonnell Douglas* burden-shifting analysis, Defendants burden is "one of production, not persuasion." *Reeves*, 530 U.S. at 142.

### iii.   Third Step of McDonnell Douglas Analysis

The third step of the *McDonnell Douglas* analysis requires Plaintiff to show that Defendants' proffered reasons are pretextual and that age was the but-for cause of the decision. *Saenger*, 706 F. Supp. 2d at 507. "[A]t [this] stage [], more than an age gap between the promoted and rejected employee is required to raise a triable issue of fact regarding discriminatory motivation." *Newsom-Lang v. Warren Int'l, Inc.*, 80 F. App'x 124, 126 (2d Cir. 2003). Plaintiff submits the fact that Gonos inquired about Plaintiff's age during the interview for the PCS position as evidence that there was a discriminatory motive behind the selection. However, it is not improper for an employer to inquire as to the candidate's retirement plans. Where a plaintiff uses a comment by defendant to show age-related bias, "[t]he more a remark evinces a discriminatory state of mind, and the closer the remark's relation to the allegedly discriminatory behavior, the more probative that remark will be." *Tomassi v. Insignia Fin. Grp.*, 478 F.3d 111, 115 (2d Cir. 2007). In fact, "a company has a legitimate interest in learning its employees' plans for the future, and it would be absurd to deter such inquiries by treating them

as evidence of unlawful conduct." *Crowe v. Leroy Cent. Sch. Dist.*, 949 F. Supp. 2d 435, 446 (W.D.N.Y. 2013) (quoting *Colosi v. Electri–Flex Co.*, 965 F.2d 500, 502 (7th Cir. 1992)); *Boston v. Blue Cross and Blue Shield of Kansas, Inc.*, 431 F. App'x 763, 767 (10th Cir. 2011) ("We . . . reject the notion that any mention of succession planning is tantamount to pretext; compliance with the ADEA and succession planning need not be mutually exclusive"); *Jetter v. Knothe Corp.*, 200 F. Supp. 2d 254, 264 n. 9 (S.D.N.Y. 2002) ("even if plaintiff was asked about his retirement plans, inquiries about retirement plans do not necessarily show animosity towards age." (internal quotation marks, citation, and alterations omitted)).

Moreover, it is discrimination on the basis of "inaccurate and stigmatizing stereotypes" that the ADEA was enacted to protect, *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993), such as decreased productivity with age. The ADEA does not prevent employers from taking age-related concerns into consideration. *See, e.g.*, *Lee v. Rheem Mfg. Co.*, 432 F.3d 849, 853 (8th Cir. 2005) ("factors other than age, but which may be correlative of age, do not implicate the prohibited stereotype, and thus are not prohibited considerations."); *Boston v. McFadden Publ'g, Inc.*, No. 09 Civ. 457(RJH), 2010 WL 3785541, at *11 (S.D.N.Y. 2010) ("even if plaintiff was asked about his retirement plans, inquiries about retirement plans do[ ] not necessarily show animosity towards age." (internal citation omitted)). Plaintiff argues that the comment about Plaintiff's age was not due to a legitimate age-related purpose but rather that Gonos did not want to be burdened with having to redo the PCS selection process again, which would occur sooner if an older replacement were chosen. Even if that were the case, Gonos's concerns do not go to the "stigmatizing stereotypes" protected by the ADEA. There were numerous other reasons why Hoffman was chosen over Plaintiff, and Gonos's sole comment cannot be the basis of Plaintiff's age discrimination claim. *See, e.g.*, *Tomassi*, 478 F.3d at 116 (court denied summary judgment

14

where defendant made age-related remarks to plaintiff every month); *see also Kaniff v. Allstate Ins. Co.*, 121 F.3d 258, 263 (7th Cir. 1997) (where "an employee in the protected age group [is] *hounded* about retirement despite evidence of adequate performance," "*repeated* references to retirement may permit a jury to infer discrimination." (emphasis added)).

Additionally, Plaintiff must show that this one comment proves that age was the "but-for" reason that Plaintiff was denied promotion to the position. Following the Supreme Court's ruling in *Gross v. FBL Financial Services*, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Id.* at 177-78. The change "increases plaintiff's burden at the third stage of the *McDonnell Douglas* analysis to 'raise[ ] sufficient evidence upon which a reasonable jury could conclude by a preponderance of the evidence that her age was a "but for" cause of [defendant's] decision to fire her.'" *Mattera v. JP Morgan Chase Corp.*, 740 F. Supp. 2d 561, 571 n. 8 (S.D.N.Y. 2010) (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010)). Plaintiff has not shown that age was the "but-for" reason that he was not promoted to the PCS position and no evidence of such could be discerned from the record before the Court. The only occurrence that alluded to Plaintiff's age throughout the selection process was with respect to one comment made during Plaintiff's interview, which the Court has already determined cannot be used to infer a discriminatory motive. Given the circumstances, including that Plaintiff applied for the position later than Hoffman, Hoffman was perceived as being more interested in the position, and that Plaintiff suggested eliminating the PCS position, it cannot be said that age was the "but-for" reason Hoffman was promoted over Plaintiff.

What is left, then, is two candidates for the PCS position who had different qualifications. Where a plaintiff opposes summary judgment solely on the basis that there is a discrepancy in

the qualifications of the two candidates, "the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Byrnie*, 243 F.3d at 103. Further, "the court must respect the employer's unfettered discretion to choose among qualified candidates." *Presser v. Key Food Stores Coop., Inc.*, 316 F. App'x 9, 11 (2d Cir. 2009). It cannot be said that Plaintiff's credentials were "so superior" to Hoffman's that it is clearly unreasonable that she was chosen over Plaintiff. Hoffman earned a Bachelor of Science from SUNY Oswego in 1993 where she majored in chemistry. She has relevant work experience, including supervising a chemical analysis laboratory. She had been working at the RCSD laboratory since August 1998. Plaintiff has similar academic credentials in that he earned the equivalent of a Bachelor of Science Degree in India, where he majored in physics, chemistry, biology, and mathematics. Although Plaintiff has worked as a PSA for longer than Hoffman, both had spent a significant amount of time as a PCA. Furthermore, both had received at least satisfactory performance reviews as PSAs. Based on this information, there is no reasonable determination to be made that Plaintiff's credentials were "so superior" to those of Hoffman.

Further, and finally, "[t]he fact that [] decision makers [are] close to [Plaintiff's] age, or older, weakens any suggestion of age discrimination." *Pisana v. Merrill Lynch & Co.*, No. 93 Civ. 4541 (LMM), 1995 WL 438715, at *5 (S.D.N.Y. Jul. 24, 1995). Gonos is one year older than Plaintiff and Hoffman is two years younger than Plaintiff. "Although this does not end the inquiry, it provides an additional inference which plaintiff must overcome." *Drummond v. IPC Int'l, Inc.*, 400 F. Supp. 2d 521, 532 (E.D.N.Y. 2005). In addition to everything the Court

discussed above, Plaintiff fails to show that the decision to promote Hoffman was due to age discrimination.

## IV.    Conclusion

For the above reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of the Court is respectfully requested to terminate the motion, Docket No. 36, and terminate the case.

Dated: April 4, 2014                                         SO ORDERED:

White Plains, New York

_____ 04/4/14

NELSON S. ROMÁN

United States District Judge

17